**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

TRINITY FRUIT COMPANY, INC.,

Plaintiff,

v. Case No.: 26cv1152 JFR/SCY

RANCHO DE SANTA FE, LLC and
EDDIE VELARDE,

Defendants.

**ORDER GRANTING REQUEST FOR EXTENSION**

This matter comes before the Court on Defendant Eddie Velarde's request to stay these proceedings until January 15, 2027, Doc. 14, and Plaintiff's limited opposition, Doc. 16. Defendant Velarde represents that counsel has agreed to represent both him and Rancho de Santa Fe and will be prepared to review the complaint and file an appropriate response by January 15, 2027. Doc. 14.

Plaintiff does not oppose granting additional time for Defendants to obtain counsel and respond to the complaint but objects to the length of the requested extension. Doc. 16 at 1. Plaintiff notes that the requested deadline falls approximately 175 days after service of the summons and complaint and argues that such a delay is unwarranted given that Defendant Rancho de Santa Fe's registered agent refused certified mail service and Defendants waited more than two months to seek relief. Plaintiff instead requests that any extension be limited to thirty days. Doc. 16. For the reasons explained below, the Court grants Defendants' request and extends the deadline to respond to the complaint through January 15, 2027.

## LEGAL STANDARD

Rule 6(b)(1) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause extend the time . . . if a request is made before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). However, if the time to act has passed, the Court may extend the time "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "[A] finding of excusable neglect under Rule 6(b)[(1)(B)] requires both a demonstration of good faith by the parties seeking the enlargement and also it must appear that there was a reasonable basis for not complying within the specified period." *Stark-Romero v. Nat'l R.R. Passenger Co. (AMTRAK*), 275 F.R.D. 544, 547 (D.N.M. 2011) (citing *In re Four Seasons Sec. Laws Litig.,* 493 F.2d 1288, 1290 (10th Cir. 1974)). Inadvertence, ignorance of the rules, and mistake of the rules are not sufficient to show excusable neglect. *Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005).

A determination of whether a party's neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004) (quoting *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Such circumstances include: "(1) the danger of unfair prejudice to the opposing party; (2) the length of the delay caused by the neglect and its impact on judicial proceedings; (3) the reason for delay, and whether it was in the reasonable control of the moving party, and (4) the existence of good faith on the part of the moving party." *Id.*; *see also Quigley*, 427 F.3d at 1238 (applying the *Torres* standard of excusable neglect to an issue arising under Rule 6(b)). "The reason for delay is an important, if not the most important, factor in this analysis." *Hamilton v. Water Whole Intern. Corp.*, 302 F. App'x 789, 798 (10th Cir. 2008).

**DISCUSSION**

Plaintiff urges the Court to limit any extension to thirty days. The Court does not condone Defendant Rancho de Santa Fe's failure to respond timely and views obstruction, rather than cooperation, of the service process unfavorably. Nonetheless, for the reasons set forth below, the Court declines to limit Defendant's extension to thirty days.

The most important factor in the excusable-neglect analysis is the reason for the delay. *Hamilton*, 302 F. App'x at 798. Here, Defendant Rancho de Santa Fe represents that it has attempted to obtain counsel by reaching out to several attorneys; however, they all communicated that "time was too short of a notice to effectively give a proper response." Doc. 14. The Court recognizes that retaining an attorney to prepare a response within thirty days is likely more difficult in November and December than during other months. Further Defendant represents that it will be prepared to respond to the Complaint through counsel within sixty days. Doc. 14. Given Defendant's attempts to obtain counsel, the timing of the request, and the upcoming holiday season, the Court finds consideration of the reason for Defendant's delay militates in favor of a sixty-day extension rather than a thirty-day extension.

The Court further finds that a sixty-day extension better serves the interests of all parties and the efficient administration of this case. Requiring Defendant Rancho de Santa Fe to appear through counsel before counsel has had a reasonable opportunity to review the pleadings and prepare an appropriate response risks creating additional delay rather than reducing it. As a corporate entity, Defendant Rancho de Santa Fe cannot proceed pro se. D.N.M.LR-Civ. 83.7; *Harrison v. Wahatoyas, LLC*, 253 F.3d 552, 556 (10th Cir. 2001). Thus, if the Court were to grant only a brief extension and Defendant Rancho de Santa Fe remained unable to obtain counsel prepared to enter an appearance and respond to the Complaint, the case would be unable

to move forward in any meaningful way. Moreover, any resulting motion practice concerning entry of default or relief from default would likely increase the expense and complexity of the litigation without materially advancing its resolution.

The Court recognizes that Plaintiff will suffer some prejudice from further delay. Nevertheless, the requested sixty-day extension is modest, will permit Defendant Rancho de Santa Fe meaningfully participate in the litigation through counsel, and ultimately promotes the orderly progression of this case. Under the circumstances presented, the Court concludes that a sixty-day extension strikes the most reasonable balance between enforcing the rules and ensuring that this matter proceeds on its merits. The Court therefore GRANTS Defendant Eddie Velarde's request for a stay of this matter up to and including January 15, 2027.

**IT IS THEREFORE ORDERED** that this matter is stayed until **January 15, 2027**, so that Defendant Rancho de Santa Fe, LLC may obtain counsel.

**IT IS FURTHER ORDERED** that Defendant Rancho de Santa Fe, LLC answer or otherwise respond to Plaintiff's complaint, Doc. 1, by **January 15, 2027**. Failure to timely respond to the complaint may result in default judgment or other sanctions.

Steve Yarbrough

STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE